## Shoemaker *versus* The Mechanics' Bank.

The free delivery of letters being established and regulated by law, it seems proper the rule in this state should be that where, as in cities, &c., there is a letter-carrier who carries letters daily from the post-office and delivers them daily at the house and places of business of those who are accustomed to receive letters by him, if a notice of dishonor is left at the post-office in time to go by such carrier on the same day to the party, it will be deemed sufficient.

May 18th 1868.   Before THOMPSON, C. J., STRONG, READ, AGNEW and SHARSWOOD, JJ.

Error to the Court of Common Pleas of *Dauphin county:* Of May Term 1868, No. 58.

This was an action of assumpsit by the Mechanics' Bank against George J. Shoemaker. The writ issued January 1st 1866.

The plaintiff was the holder and the defendant the endorser of the following promissory note:—

" $800.00.                        Harrisburg, March 8, 1865.

Sixty days after date I promise to pay to the order of George J. Shoemaker, at the Dauphin Deposite Bank, Eight Hundred Dollars, without defalcation, for value received.

J. R. CRAWFORD.

Endorsed:
GEORGE J. SHOEMAKER.
JAMES BURNS."

The plaintiff is located in Harrisburg, and both the defendant and the notary who protested the note reside there.

On the trial, the plaintiff gave in evidence the note and protest of C. A. Snyder, notary public, certifying that on the 10th of May 1865, he presented the note for payment at the Dauphin

Deposite Bank, that there were no funds there, and that he gave "due notice to the drawer and endorser."

The defendant called Snyder, who testified that he had no recollection of the matter independently of his record of protest; his usual custom was to present the notice himself, or leave it at the house, unless there be some reason to the contrary; he had no doubt the notice was put into the post-office the day it was protested. He saw the notice of protest in the defendant's possession before arbitrators. The envelope was post-marked May 11th; his notice was on the 10th.

The plaintiff proved that letters were delivered free through Harrisburg by the post-office carriers; and that defendant's letters, if properly directed, would be delivered to him; letters delivered at the post-office after 4 o'clock, P. M., are marked as of next day, and delivered next morning.

They called J. Bomberger, cashier of the bank, who on his *voir dire* testified, that he had sold his stock in the bank to be a witness in this case; he had no contract to get it back, but expected to get it back. The witness was objected to, received, and a bill of exceptions sealed.

He testified: After the note had been protested he asked the defendant to pay; defendant asked him to wait till he saw the other parties to the note. On another occasion defendant asked him to wait, not to sue him immediately. Defendant made no objection for want of notice.

Snyder, the notary, being again called, testified that the note had been handed to him at night, after he had gone to bed; he put the notice into the post-office as the clock struck twelve.

Judge Pearson charged the jury:—* * * "The case turns on the service of notice of the non-payment of the note on the endorser, who is now sued. If he was not duly served, both endorsers are discharged. If the holder of the paper can prove that he notified the endorser of its non-payment in due time, it is sufficient, whether that notice be sent through a notary public or a private messenger. Where the holder and endorser reside in different towns, cities or places, notice sent through the post-office and properly directed is sufficient, whether the party received it or not. The holder has done all that the law requires him. Where they reside in the same town or city, the notice must be served *personally;* and this is the settled law of Pennsylvania, of almost every state of the Union, and of Great Britain, except, perhaps, in the city of London. But *actual notice* received by the endorser in due time is good, no matter how sent. It is incumbent on the plaintiff in the present case to show that the defendant did receive the notice of protest in proper season. Where a note is protested on the last day of grace, the holder must give notice on that day, or at furthest on the next business-

[Shoemaker v. Mechanics' Bank.]

day thereafter.   It need not necessarily be given on the last day of grace, as was supposed in the present case; but the next day is in time, and each endorser has one day to notify his predecessor on the paper."

After referring to the evidence of Snyder, the judge further said:—" This service through the post-office was not good, unless the plaintiff has satisfied you that it actually reached the defendant the next day. * * *  We are asked to say that no notice sent through the post-office is sufficient, where the parties reside, as proved in the present case.   To this we respond that where there is no other evidence of notice than the bare mailing of a letter to an endorser residing in the same town, even with proof that he is in the daily habit of calling for his letters, it 'is not sufficient, and cannot be left to the jury as evidence of notice. But all of the best writers on the subject declare that notice need not be served by a notary public; one may be sent by any private messenger;" "that the post-office messenger, or what is generally known as the penny-post, may be used as well as any other.   In those states or countries where such a method of service is recognised, the courts require proof of the mailing of the notice in due time, that a post-office messenger regularly delivered to the party to be notified his letters, and his belief that the one in controversy was delivered, although the messenger is not expected to speak with positive certainty as to that, but merely as to his general practice and best belief.   We have no decisions in our own state recognising the 'penny-post' as a messenger, but it has received the sanction of those in many other states, and of the English courts.   It is important that in a mercantile question of this character there should be uniformity of decision.   The evidence is not positive as to the delivery of this notice, and we have already said that the jury must be satisfied of its receipt by the defendant in due time, to wit, by the 11th of May 1865."
           *        *        *        *        *        *        *

After referring to the conversation between the cashier and the defendant, the judge said:—" It has been held that a direct promise to pay an obligation, situated as this then was, is evidence from which the jury may infer that the promissor was duly notified, had waived the want of it, or was satisfied that it would have been of no use to him, and that he could lose nothing by its omission.   The conversation proved does not contain a *promise to pay*, yet a request for time; and the failure to make any objection then on account of the want of notice is a circumstance to be considered in connection with the other evidence in the case. Are you satisfied, from all of it, that the defendant received the notice of protest in due time, to wit, on the 11th of May 1865 ? It rests upon the plaintiff to prove this clearly.   It has resorted to a new and unusual method of serving notice, instead of the

9 P. F. Smith—6

[Shoemaker *v.* Mechanics' Bank.]

one used and accustomed in Pennsylvania; consequently it must
be satisfactorily made out." * * *

The verdict was for the plaintiff for $932.48.

The defendant took a writ of error and assigned for error the
admission of Bomberger as a witness and the charge of the court
on several specifications.

*Miller* and *McAlarney*, for plaintiff in error, cited Chitty on
Bills 556, 573; Jones *v.* Lewis, 8 W. & S. 14; Kramer *v.* Mc-
Dowell, Id. 138; Haly *v.* Brown, 5 Barr 178; Gallagher *v.* Mil-
ligan, 3 Penna. R. 177; Brenzer *v.* Wightman, 7 W. & S. 264;
Jones *v.* Wardell, 6 Id. 401; Brittain *v.* Doylestown Bank, 5
Id. 98.

*B. J. Etter*, for defendant in error, cited Hallowell *v.* Curry,
5 Wright 322; Rahm *v.* Philadelphia Bank, 1 Rawle 335; Jenks
*v.* Doylestown Bank, 4 W. & S. 505; 1 Pars. on Prom. Notes 334,
382, 483, 484; Hyslop *v.* Jones, 3 McLean 96; Bank of U. S. *v.*
Corcoran, 2 Pet. 132; Bradley *v.* Davis, 26 Maine 45; Whitefore
*v.* Bruckmyer, 1 Gill 127; Manufacturers' Bank *v.* Felton, 8
Foster 302; Levy *v.* Peters, 9 S. & R. 125; Shall *v.* Catskill
Bank, 18 Wend. 466; Mutual Fire Ins. Co. *v.* Marseilles Man.
Co., 1 Gilman 236; Union Bank *v.* Owen, 4 Humph. 338; Smith
*v.* Bank of Washington, 5 S. & R. 318; North *v.* Turner, 9 Id.
244; Carter *v.* Trueman, 7 Barr 326.

The opinion of the court was delivered, May 27th 1868, by

READ, J.—The law as laid down by this court in Hallowell &
Co. *v.* Curry & Co., 5 Wright 322, makes it unnecessary to dis-
cuss the general rules as to presentment, demand and refusal of
payment of a promissory note, and notice of its dishonor to the
endorsers.

The cashier of the bank, having transferred his stock, was a
competent witness: Angell and Ames on Corporations, §§ 556,
660; Meighen *v.* The Bank, 1 Casey 288.

In this case the presentment, demand and refusal were clearly
proved, and also the sending of the notice of dishonor to the
defendant through the post-office. In the 6th edition of Story on
Promissory Notes (1868), § 323, it is said: "There is an apparent
exception to the general rule, which however is not in reality
such, but falls within the general rule. It is that where there is,
as in large towns and cities, a letter carrier, or, as he is often
called, a penny post, who carries letters daily from the post-office,
and delivers them at the houses or places of business of the par-
ties who are accustomed to receive their letters by him; there if
the notice be left at the post-office, early enough in the day to go
by such letter carrier or penny-post, on the same day to the party

[Shoemaker *v.* Mechanics' Bank.]

entitled to notice, it will be deemed sufficient; for in such cases the letter carrier or penny-post is treated as an agent for the purpose, because it is a usual mode of conveyance." And now that free delivery of letters is established and regulated by law, so as to secure a certain delivery according to its address, it seems proper that this rule should be adopted in this state, as called for by the improvements introduced into the post-offices by the general government. But the present case does not call for the strict application of this rule.

It was proved that the defendant, in the month of May 1865, had no box in the post-office, but that his letters were delivered by the letter carriers in the regular course. The notary at night placed the notice of protest, dated 10th May, in the post-office, and it was certainly received by the defendant, as it was in his possession before the arbitrators. The envelope was marked 11th, being put in after four o'clock on the 10th, according to the course of the office.

Mr. Bomberger, the cashier of the plaintiff, said, " after the note was protested—about ten days after—I called Shoemaker in; asked him to pay the note. He asked me to wait till he could see the other parties on the note. No objection made at the time to want of notice. After this some time I saw Crawford in town. I then called on Shoemaker again; asked him to pay. He again asked me to wait; not to sue him immediately."

It appears then that a regular notice of protest was received by the defendant; and the court instructed the jury distinctly as to the necessity of the notice having been received in due time.

" Are you satisfied," said the learned judge, " from all of it that the defendant received the notice of protest in due time, to wit, on the 11th May 1865? It rests upon the plaintiff to prove this clearly. It has resorted to a new and unusual method of serving notice, instead of the one used and accustomed in Pennsylvania; consequently it must be satisfactorily made out. If left in doubt and uncertainty, your verdict must be in favor of the defendant. If you are satisfied that the notice was duly received, your verdict will be rendered in favor of the plaintiff for the note and interest, with the cost of protest."

In this instruction we see no error, and the evidence is sufficient to support the verdict, which is no doubt a just one.

Judgment affirmed.